UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT C., | ) |
|        Plaintiff, | ) |
| v. | ) Docket no. 1:22-cv-00321-GZS |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|        Defendant. | ) |

**ORDER ON MOTION TO ALTER JUDGMENT**

Before the Court is Plaintiff's Motion (ECF No. 17), which seeks to alter or amend the Court's Order (ECF No. 12) and Judgment (ECF No. 13) pursuant to Federal Rule of Civil Procedure 60(b). For reasons briefly explained herein, the Court DENIES the Motion.

On January 18, 2023, this Court granted without objection the Defendant's Unopposed Motion for Entry of Judgment (ECF No. 11). In its Order, the Court reversed the Commissioner's decision and remanded the matter with directions to the Appeals Council to have an administrative law judge (ALJ) "further evaluate the evidence of record; obtain updated vocational evidence; address the evidence from Mr. Meuse; further evaluate the step-five finding; offer the claimant the opportunity for a new hearing; and issue a new decision." (2/18/23 Order (ECF No. 12), PageID # 1038). Thereafter, final judgment entered, and this case was closed.

Plaintiff now seeks an order temporally limiting the Court's remand to the period of January 21, 2017 to September 1, 2021. In support of this request, Plaintiff cites prior cases imposing such a temporal limit. (See Pl. Mot. (ECF No. 17), PageID #s 1057-58 (collecting cases).) As those cases clearly hold, "district courts have the power to limit the scope of remand

in [a social security appeal] and that the [Social Security Administration]—notwithstanding its regulations—must abide by the court's limiting instructions." Kim M. v. Kijakazi, No. 1:21-CV-00133-GZS, 2022 WL 354602, at *1 (D. Me. Feb. 7, 2022) (internal quotations & citations omitted), report & recommendation adopted, 2022 WL 597278 (D. Me. Feb. 28, 2022).  However, the Court finds that the procedural posture of this case, which invokes Rule 60(b)(6), distinguishes it from the supporting cases cited in Plaintiff's Motion.[1]

As the First Circuit has noted, "Federal Rule of Civil Procedure 60(b) relieves parties from final judgments only under exceptional circumstances." Skrabec v. Town of N. Attleboro, 878 F.3d 5, 9 (1st Cir. 2017).  As relevant to Plaintiff's pending request, Plaintiff "must show, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; . . . and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id. (cleaned up).  After a full review of the record, the Court concludes that Plaintiff has not shown the requisite exceptional circumstances or timeliness.[2]

With respect to the circumstances that give rise to Plaintiff's Motion, it reflects an unfortunate combination of "several" previous "unpleasant experience[s]" with remands by Plaintiff's counsel and post-judgment "administrative inadvertence" by Defendant.  (Pl. Mot., PageID # 1057; Def. Response, PageID # 1065.)  On Defendant's side, the Commissioner asserts

---

[1] To the extent that one case cited by Plaintiff, Steele, arose in a post-judgment context, the Court notes that the motion for clarification in that matter was unopposed and, in any event, the case "was not a garden-variety Social Security appeal in which the plaintiff appealed a decision of the commissioner finding her not disabled." Steele v. Astrue, No. 2:09-CV-548-DBH, 2011 WL 4635136, at *2 (D. Me. Oct. 5, 2011), report & recommendation adopted, 2011 WL 5069403 (D. Me. Oct. 25, 2011).

[2] Even assuming, as the Commissioner argues, that "prejudice to the agency" would result if Plaintiff's motion were granted," the Court is not inclined to label any such prejudice "unfair" when, as explained above, it ultimately reflects Defendant's own "administrative inadvertence." Def. Response (ECF No. 18), PageID #s 1063-68.  Moreover, the Court views any prejudice as de minimus given the Commissioner's apparent ability to reopen the 2023 decision awarding Plaintiff benefits under existing regulations. See id., PageID # 1065 (citing 20 C.F.R. §§ 404.987(b) & 404.988(a)).

that its May 5, 2023 Disability Determination and Transmittal (ECF 18-2), which awarded Plaintiff benefits as of December 1, 2022, was an administrative error. Instead, the Appeals Council order (ECF No. 18-1) issued on February 6, 2023, which consolidated this Court's remand with Plaintiff's then-pending 2022 application, should have stopped further independent review of the 2022 application. On Plaintiff's side, his counsel fears Plaintiff may receive a ruling that will negatively impact the benefits awarded as of December 1, 2022, which could "impose an enormous hardship in the intervening period." (Pl. Mot., PageID # 1057.) On the record presented, the Court agrees with Defendant that this fear is "unsupported." (Def. Response, PageID # 1067.) Nonetheless, as Plaintiff's counsel acknowledges, if the ALJ were to improperly terminate benefits awarded to Plaintiff "there is little doubt that this Court can correct such [a ruling] on further appeal." (Pl. Mot., PageID # 1057.) Thus, even if this Court were to impose no temporal limit at this stage it retains the ability to later fix any errors that might occur on remand. Similarly, even if the Court were to grant this motion and impose a temporal limit, the governing regulations would allow the Commissioner to reopen the May 2023 decision. See 20 C.F.R. §§ 404.987(b) & 404.988(a)); see also Heather B. v. Saul, No. 2:19-CV-00484-JDL, 2020 WL 5106585, at *2 (D. Me. Aug. 31, 2020) (finding that governing regulations still would allow Commissioner to reopen specified decisions "in any context apart from [a temporally limited] remand"), report and recommendation adopted, No. 2:19-CV-00484-JDL, 2020 WL 6163126 (D. Me. Oct. 21, 2020). Given these other avenues for review, the Court declines to find that exceptional circumstances exist to warrant amending the existing remand order and associated judgment. See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co., 953 F.2d 17, 20 (1st Cir. 1992) ("[A] litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that [amending] the judgment will not be an empty exercise.")

With respect to timeliness, Plaintiff was undoubtedly aware that he had a pending subsequent application at the time the Defendant sought to remand the matter. However, there was no objection or request at that time to add a temporal limit. Likewise, Plaintiff did not seek relief after the Appeals Council explicitly ordered his pending application consolidated on February 6, 2023. Plaintiff's pragmatic desire to limit the remand realistically came to light on or about May 5, 2023, when he received notice of the favorable decision on his subsequent application (ECF No. 18-2). Shortly thereafter, he also received the Notice of Hearing, dated May 12, 2023 (ECF No. 18-3), which set the hearing before the ALJ for August 7, 2023.[3] Nonetheless, he filed the pending Motion on July 10, 2023. Quite simply, the Court declines to find the request timely given this procedural history.

Having determined that Plaintiff has not made the required showing under Rule 60(b), the Court hereby DENIES Plaintiff's Motion to Alter (ECF No. 17). To be clear, this denial does not prejudice Plaintiff's ability to appeal any denial or termination of benefits that results from the current proceedings on remand.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 6th day of September, 2023.

---

[3] As Plaintiff notes in his Reply, the ALJ agreed to continue the August 7th hearing to await a decision on this Motion. See ECF No. 19, PageID #s 1098-99.